# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

IN RE:  MR. JUSTICE SEAMUS P.      :      No.  430
McCAFFERY OF THE SUPREME COURT  :
OF PENNSYLVANIA                    :      Judicial Administration Docket
                                      :

## ORDER

**PER CURIAM**

AND NOW, this 20th day of October, 2014, pursuant to this Court's King's Bench power and in view of the compelling and immediate need to protect and preserve the integrity of the Unified Judicial System and the administration of justice for the citizens of this Commonwealth, Mr. Justice McCaffery is hereby relieved on an interim basis of any and all judicial and administrative responsibilities as a Justice and is not to take any further judicial or administrative action whatsoever in any case or proceeding now or hereinafter pending in this Court until further Order of this Court.

This Order is in light of the following circumstances, which have been the subject of intense media attention and, individually and cumulatively, impact greatly upon the integrity of the judicial system:

> The media has published reports containing allegations that:  Justice McCaffery may have improperly contacted a Philadelphia traffic-court official in connection with a traffic citation issued to his wife; Justice McCaffery may have acted in his official capacity to authorize his wife to accept hundreds of thousands of dollars in referral fees from plaintiffs' firms while she served as Justice McCaffery's administrative assistant; and Justice McCaffery may have attempted to exert influence over a judicial assignment on the Philadelphia common pleas bench outside the scope of his official duties.
>
> More recently, Justice McCaffery has publicly accepted responsibility for exchanging hundreds of sexually explicit emails with a member or members of the Office of Attorney General, which surfaced in the course of the Attorney

General's review of the handling of the Gerald Sandusky investigation. It also appears that emails sent and received by Justice McCaffery were circulated amongst others within the Office of Attorney General. According to the Chief Justice of Pennsylvania's review of some of the emails in question and attachments to them, the material is extremely disturbing. In this regard, the Chief Justice has indicated that some pictures and videos in the emails and attachments depict explicit sexual acts and these and/or others contain highly demeaning portrayals of members of various segments of the population, including women, elderly persons, and uniformed school girls.

Finally, in a report submitted by Justice Eakin to the Judicial Conduct Board, Justice Eakin has asserted that Justice McCaffery importuned him to urge the Chief Justice to retract a statement of his review of the material received from the Attorney General's Office, or, alternatively, materials embarrassing to Justice Eakin would be released to the media.

Within thirty days, the Judicial Conduct Board shall make a determination, on an emergency basis, whether there is or is not probable cause to file formal misconduct charges against Justice McCaffery concerning any of the above allegations or any other matters which may be pending before the Board in which Justice McCaffery is the subject of complaint or inquiry, or the Board shall issue a public report detailing why it is unable to perform its constitutionally prescribed duties in a timely fashion. If the determination is that probable cause is lacking, the Board shall issue a report to this Court indicating its reasons in support of such determination. The Board is directed to obtain copies of the materials provided by the Office of Attorney General from the Chief Justice of Pennsylvania as soon as possible and to obtain copies of the attachments thereto, as well as any other emails and attachments pertinent hereto not provided to the Chief Justice, from the Office of Attorney General.

This Order shall not affect Mr. Justice McCaffery's judicial compensation and is without prejudice to his entitlement to seek relief in this Court for the purpose of vacating or modifying this Order. This Order is also without prejudice to the ability of the Court of Judicial Discipline to modify the terms of suspension relative to judicial compensation, should formal charges be filed.

The Honorable Robert L. Byer is hereby appointed as special counsel to the Court in this matter.

Mr. Chief Justice Castille files a concurring statement, and Madame Justice Todd files a dissenting statement.

Messrs. Justice Eakin and McCaffery did not participate in this matter.